FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

OCT 1 2 2010

JAMES N. HATTEN, CLERK
By: Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BATTCO CONSTRUCTION AND MAINTENANCE, INC., | * * * | |
| versus | * * | MI No.: 1 10-MI-0178 |
| HUDSON CONSTRUCTION COMPANY, and | * * * | Pending in United States District Court, Eastern District of Louisiana, No. 09-7171 "F-3" |
| WAL-MART STORES, INC. | * * | |

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL THE APPEARANCE OF MR. ROBERT B. HOWE TO TESTIFY AT DEPOSITION

**MAY IT PLEASE THE COURT:**

This contract dispute arises from certain construction work performed by Battco Construction and Maintenance, Inc. (Battco), plaintiff in this matter, on a project to renovate Wal-Mart Store No. 1342, located in Kenner, Louisiana. Hudson Construction Company of Tennessee (Hudson), remaining defendant to this matter, was hired as general contractor for this project by Wal-Mart Stores, Inc., who owns Store 1342. Hudson in turn hired Battco as a subcontractor. Battco performed all the work which it was asked to perform, but Hudson has refused to pay Battco for a significant portion of this work.

Because Mr. Robert B. Howe served as Hudson's superintendent for the renovation of Store 1342, Battco sought to take the deposition of Mr. Howe, who currently resides at 4910 Old Brier Trail, Douglasville, Georgia 30136, as Mr. Howe possesses a significant amount of

knowledge relevant to this matter. Accordingly, Mr. Howe was properly served with a subpoena setting his deposition, via telephone, for September 15, 2010, at 9:00 a.m. Central, 10:00 a.m. Eastern. Hudson was also given proper notice of this deposition. However, it was determined that this subpoena should be re-issued and deposition be re-scheduled, so on September 14, 2010, Mr. Howe was contacted to arrange a new date and time for his deposition. Mr. Howe agreed to submit to a deposition, again via telephone, on September 23, 2010, at 10:00 a.m. Central, 11:00 a.m. Eastern. Counsel for Hudson was contacted and also agreed to such date and time.

A subpoena (Exhibit "A"), along with a check for witness fees, was then sent via Express Mail to a process server, who served such subpoena and check for witness fees upon Mr. Howe at his home at 4910 Old Brier Trail, Douglasville, Georgia, as evidenced by the attached affidavit (Exhibit "B"). Accordingly, at the date and time specified in the subpoena, counsel for both Battco and Hudson, along with a court reporter, met to take Mr. Howe's deposition. A telephone call was placed to Mr. Howe using the telephone number which he had previously provided, (678) 608-8700, so that his deposition may be taken. However, he did not answer his telephone. Between 10:00 a.m. and 11:00 a.m. Central, several more telephone calls were placed to this number in an attempt to reach him for his deposition, but he did not answer. Messages were left indicating that these calls were made to take Mr. Howe's deposition, requesting that he return such telephone calls, and notifying him that he could be subject to contempt charges and other penalties if he did not answer.

Despite agreeing to a date and time for such deposition, being properly served, and receiving such messages, Mr. Howe has yet to contact Battco's counsel. Further, Battco's counsel has attempted to contact Mr. Howe since this time, but Mr. Howe has nevertheless failed

to answer these calls. Mr. Howe has not filed any objections to the subpoena issued to him, nor has he contacted Battco's counsel with any concerns regarding this subpoena or deposition.

Therefore, Mr. Howe has refused to appear at his scheduled deposition without adequate excuse. Mr. Howe is also seriously ill, and may not be available to travel to New Orleans, Louisiana, for trial of this matter. Thus, his deposition is necessary to preserve his testimony for trial. Battco now wishes to take Mr. Howe's deposition in person, and has made arrangements to take his deposition on October 25, 2010, at 10:00 am Eastern, at the following location:

> Hearing Room No. 2, Fourth Floor
> Douglas County Courthouse
> 8700 Hospital Drive
> Douglasville, Georgia 30134

Hudson's counsel has been contacted regarding this matter, and has not consented to this Motion or deposition. Nevertheless, Battco requests that this court grant this Motion to Compel the Appearance of Mr. Robert B. Howe to Testify at Deposition, ordering Mr. Howe to appear in person on the above-stated date and time, and at the above-stated location, so that Mr. Howe's deposition can be taken.

Respectfully submitted,

BRIAN T. CARR & ASSOCIATES

_____
BRIAN T. CARR (La. Bar # 20739)
DANIEL J. PHILLIPS (La. Bar # 32921)
4636 Sanford Street, Suite 100
Metairie, Louisiana 70006
Telephone:   (504) 888-5030
Facsimile:   (504) 888-5456
*COUNSEL FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of October, 2010, a copy of the foregoing was sent via facsimile, email, and/or by United States Mail, first class and postage prepaid, to the following parties:

Mr. Robert B. Howe
4910 Old Brier Trail
Douglasville, Georgia 30136

And

Hudson Construction Company of Tennessee,
Through its Counsel of Record,
Mr. Michael R.C. Riess, and
Ms. Lisa A. Montgomery
Kingsmill Riess, L.L.C.
201 St. Charles Avenue, Suite 3300
New Orleans, Louisiana 70170

_____