FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

OCT 21 2010

JAMES N. HATTEN, CLERK
By: S. Brannon, Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BATTCO CONSTRUCTION AND MAINTENANCE, INC. | * * * MI No.: |
| VERSUS | * * |
| HUDSON CONSTRUCTION COMPANY, and WAL-MART STORES, INC. | * Pending in United States District Court, * Eastern District of Louisiana, * No. 09-7171 "F-3" * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM IN OPPOSITION TO
### MOTION TO COMPEL DEPOSITION OF ROBERT B. HOWE

**MAY IT PLEASE THE COURT:**

Hudson Construction Company, Inc. ("Hudson") opposes the Motion to Compel of Battco Construction and Maintenance, Inc. ("Battco") for the reasons discussed below. On April 19, 2010, the trial Court issued a Report of Preliminary Conference/Scheduling Order (the "Scheduling Order") which fixed a **September 21, 2010 deadline** for conducting discovery depositions and perpetuation depositions. *Rec. doc. 14;* Exhibit "A." Battco's first attempt to depose Mr. Howe occurred on September 3, 2010, when Battco noticed the deposition for September 15, 2010.

Hudson opposes Battco's Motion to Compel for the reason the deadline for conducting depositions has long since expired. Accordingly, this Court should deny the Motion to Compel.

1

Additionally, the Court should know that the Pre-Trial Conference was held on October 19, 2010.

The Scheduling Order provides in pertinent part:

<u>Counsel shall complete all disclosure of information as follows:</u>

<u>Depositions for trial use shall be taken and all discovery shall be completed no later than 28 days prior to the pretrial conference.</u>

*Rec. doc. 14 at 1; Emphasis added.* The Scheduling Order further orders that:

<u>Deadlines, cut-off dates, or other limits fixed herein may only be extended by the Court upon timely motion filed in compliance with the Plan and Local Rules and upon a showing of good cause.</u> Continuances will not normally be granted. If, however, a continuance is granted, deadlines and cut off dates will be extended automatically, unless otherwise ordered by the Court.

*Rec. doc. 14 at 2; Emphasis added.* Battco has never filed a Motion requesting that the trial Court extend the deadline for conducting depositions.

Instead, Battco is relying upon this Court to provide it the relief the trial Court would not afford. The Scheduling Order by its very terms requires a showing of "good cause" for extending discovery deadlines. Battco knows it cannot meet this standard, since it waited **five (5) months** before it even attempted to depose Mr. Howe. Moreover, Battco cites no law at all in support of its Motion to Compel.

Simply stated, there is no justification for Battco's delay. Battco cannot argue it did not know about Mr. Howe, since Hudson listed Mr. Howe in its Initial Disclosures, which Initial Disclosures were exchanged on April 26, 2010. Exhibit "B." To repeat, there is no excuse for Battco's procrastination. Moreover, by letter dated August 26, 2010, Battco requested updated

2

S:\Hudson Construction - 1181\1181.001 Battco Construction\Pleading\101019 Opposition to Motion to Compel Robert Howe.doc

information on Mr. Howe, which Hudson willingly provided. Exhibit "C," *en globo*. Battco was also provided by Hudson with the information concerning Mr. Howe's health, yet not only did Battco wait too long to attempt to depose Mr. Howe, they have essentially harassed him *knowing he is in poor health*. Clearly, harassment is not in Mr. Howe's best interests, given his present medical condition.

Scheduling Orders are to be taken seriously. The entire point of a Scheduling Order is to prevent exactly the situation Battco has created. This Court should deny Battco's Motion to Compel. The last possible date that Battco could have deposed Mr. Howe was **September 21, 2010**. To repeat, all deadlines for conducting depositions have expired and the Pre-Trial Conference has already been held.

The following is a timeline of applicable events, dates, and deadlines:

- April 19, 2010 – The trial Court issues the Scheduling Order.

- April 26, 2010 – Hudson exchanges Initial Disclosures with Battco, listing Mr. Howe.

- September 3, 2010 – Battco notices Mr. Howe's deposition *by telephone* for September 15, 2010. Exhibit "D."

- September 14, 2010 - Hudson by letter to Magistrate Judge Daniel E. Knowles, III requests that the deposition of Mr. Howe be quashed as Mr. Howe was not served in accordance with the Fed. R. Civ. P. 45(b)(1)(2) and (3) (Mr. Howe was not tendered the witness or mileage fees, and the subpoena was issued from the wrong court). Exhibit "E."

3

- September 14, 2010 - Telephone conference with Magistrate Judge Daniel E. Knowles, III regarding Hudson's request to quash deposition. Judge Knowles grants the request and advises Battco's counsel to take the deposition the following week in light of the deposition deadlines and to have Mr. Howe appear voluntarily for his deposition.

- September 15, 2010 – Battco issues another deposition subpoena to Mr. Howe for a deposition to occur *by telephone* on September 23, 2010. Exhibit "F."

- September 23, 2010 – Deposition of Mr. Howe does not go forward.

- October 8, 2010 – Battco provides a copy of its Motion to Compel and Request for Expedited Hearing to Hudson, noticing the deposition of Mr. Howe for October 25, 2010 in Atlanta, Georgia.

- October 12, 2010 – Battco files the Motion to Compel with this Court.

- October 19, 2010 – Judge Martin L.C. Feldman holds the Pre-Trial Conference.

- October 22, 2010 – The hearing date set for Battco's Motion to Compel.

In addition to the fact that all discovery deadlines have passed, Hudson opposes Battco's Motion to Compel for these additional reasons:

1) Mr. Howe was not personally served with the deposition subpoena as required by law. Instead, Mr. Howe's granddaughter was served.

2) A similar issue has already been presented to Magistrate Knowles.

3) Battco wants counsel to travel to Georgia for the deposition, to which Hudson did not agree.

4

S:\Hudson Construction - 1181\1181.001 Battco Construction\Pleading\101019 Opposition to Motion to Compel Robert Howe.doc

4) Battco failed to comply with the Court's Local Rule 37.1, which requires the moving party to include the certification of counsel with regard to the duty to confer required by Fed.R.Civ.P. 37(a)(2)(A)(B).

5) The Affidavit of Service is defective on its face. It states the subpoena was served on "the Defendant(s): <u>HUDSON CONSTRUCTION COMPANY OF TENNESSEE</u> by serving Robert Howe;" and the caption is the civil action of the litigation pending in Louisiana, not this Court.

### The last date Battco could have taken a deposition was September 21, 2010

As outlined above, Battco's first attempt to depose Mr. Howe occurred on September 3, 2010, when Battco set the deposition for September 15, 2010. Battco waited approximately **five (5) months** to notice the deposition. Now it is jammed due solely to its own inaction and requests this Court to bail them out of the jam it created.

Hudson urges the Court to deny the Motion to Compel.

### Mr. Robert B. Howe was not personally served with the deposition subpoena as required by law

Mr. Howe, a non-party in this action, was not personally served with a deposition subpoena by Battco, despite the Affidavit of Service stating to the contrary. The information Hudson was provided, and Hudson makes this representation to this Court in good faith, is that Mr. Howe's granddaughter was served while she was outside with her dog, by leaving the subpoena at her feet. The process server did not attempt to verify her identity, as clearly she was not Mr. Howe.

In the Affidavit of Service, the process server described the person who was served as a "WM, Age 64 yrs, Weight 161 lbs, Height 5 ft, 11 in." Indeed, the process server's description of Mr. Howe is exactly the same as the description given in his first Affidavit of Service, and the description reads as if it were taken straight from Mr. Howe's driver's license.

The law in the Fifth Circuit is established that actual personal service is required of a witness. *Klockner Namasco Holdings Corp. v. Daily Access.Com, Inc.*, 211 F.R.D. 685, 687 (N.D.Ga., 2002), which held that service on a non-party's wife at their residence did not satisfy the requirements of Federal Rule of Civil Procedure 45 because the non-party was not personally served. This is not necessarily the law in other circuits; in fact a split exists among the circuits on this issue.

In the Fifth Circuit, however, the law is clear – personal service upon a witness of a subpoena is required. Since Mr. Howe was not personally served, he cannot be compelled to provide deposition testimony. *Klockner Namasco Holdings Corp. v. Daily Access.Com, Inc., supra.* See also, *Omikoshi Japanese Restaurant v. Scottsdale Ins. Co.*, 2008 WL 4829583 (E.D.La. 2008), holding that a subpoena to a non-party could not be served by certified mail; and *Scottsdale Ins. Co. v. Education Mgmt, Inc.*, 2007 WL 2127798 (E.D.La. 2007), holding that an insurance company, which was a party to the lawsuit, could not be served with a subpoena pursuant to Fed. R. Civ. P. 45 by mail from the Secretary of State.

6

S:\Hudson Construction - 1181\1181.001 Battco Construction\Pleading\101019 Opposition to Motion to Compel Robert Howe.doc

### The Magistrate Judge for the Eastern District of Louisiana has already ruled on a similar issue

The following information is conspicuously absent from Battco's pleadings. Magistrate Knowles made it clear while conducting the telephone conference on September 14, 2010 in response to Hudson's request to quash the subpoena for Mr. Howe's deposition that if Battco did not obtain the deposition of Mr. Howe the following week, it (Battco) was out of luck. The Magistrate also instructed Battco to have Mr. Howe appear voluntarily for his deposition. Instead, Battco chose to issue another deposition subpoena to Mr. Howe. By this point, Battco had spoken with Mr. Howe on at least two separate occasions and there was Battco could not have once again contacted Mr. Howe and requested that he give a deposition.

In concluding the telephone conference, Magistrate Knowles stated that anything beyond the following week would require permission from the trial judge to modify the Scheduling Order since the parties were so close to the deadline, and a modification of the Scheduling Order was unlikely.

### Hudson was not informed, nor would it have agreed, to travel to Georgia for the deposition

At no time did counsel for Hudson agree to travel to Georgia for Mr. Howe's deposition; in fact counsel for Battco failed to mention this fact when clearing the date for another attempt at Mr. Howe's deposition. While Battco did clear the date, and counsel for Hudson made it clear they objected to the deposition, Battco did not mention having to travel to Georgia for the deposition. In fact, when Mr. Howe's deposition was originally scheduled, it was scheduled as a telephone deposition. *If* the Court is inclined to have Mr. Howe's deposition go forward, Hudson

requests that the deposition be videotaped, and that counsel for both parties would remain in New Orleans for the deposition.

## CONCLUSION

For the reasons stated above, Hudson Construction Company, Inc. urges this Court to deny Battco Construction and Maintenance, Inc.'s Motion to Compel the deposition testimony of Mr. Robert B. Howe.

Respectfully submitted,

KINGSMILL RIESS, L.L.C.

By _____
Michael R. C. Riess (La. #20739)
Lisa A. Montgomery (La. #14236)
201 St. Charles Avenue, Suite 3300
New Orleans, Louisiana 70170
Telephone: (504) 581-3300
Facsimile: (504) 581-3310
E-mail: mriess@kingsmillriess.com
E-mail: lmontgomery@kingsmillriess.com
*Attorneys for Defendant, Hudson Construction Company*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing has this day been served upon all counsel of record by facsimile transmission and by electronic mail, this 20th day of October, 2010.

_____
Lisa A. Montgomery

8

S:\Hudson Construction - 1181\1181.001 Battco Construction\Pleading\101019 Opposition to Motion to Compel Robert Howe.doc